People v Brown (2021 NY Slip Op 04737)





People v Brown


2021 NY Slip Op 04737


Decided on August 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 19, 2021

Before: Kapnick, J.P., González, Kennedy, Scarpulla, JJ. 


Ind No. 3350N/13 Appeal No. 11923 Case No. 2015-1114 

[*1]The People of the State of New York, Respondent,
v
Tajammal Sharief Brown, Defendant-Appellant.


Stephen Chu, Office of the Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J. at plea and sentencing; Ruth Pickholz, J. at resentencing), rendered January 29, 2015, as amended March 26 and June 14, 2018, convicting defendant of conspiracy in the fourth degree, criminal sale of a firearm in the third degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of six years, unanimously affirmed.
A justice of the Appellate Division, Second Department and a justice of the citywide Special Narcotics Court issued valid eavesdropping warrants to intercept cell phone calls and electronic messages made and received in North Carolina which were all heard and recorded in a Brooklyn office of the New York City Police Department (see People v Schneider, ___NY3d___, 2021 NY Slip Op 03486 [2021]). CPL 700.10(1) provides that "a justice may issue an eavesdropping warrant. . . upon ex parte application of an applicant who is authorized by law to investigate, prosecute or participate in the prosecution" of a designated offense. The term "justice" is defined as any justice of an appellate division of the judicial department, or any justice of the Supreme Court of the judicial district, "in which the eavesdropping warrant is to be executed" (CPL 700.05 [4] [emphasis added]). Although the term 'execute' is not defined in CPL article 700,
"[w]hen section 700.05 (4) is read as an integrated whole and in a commonsense manner along with other sections of the CPL and correlative Penal Law definitions, the statute makes plain that a warrant is 'executed' at the time when and at the location where a law enforcement officer intentionally records or overhears telephonic communications and accesses electronic communications targeted by the warrant" (Schneider at *4; see also Stegemann v Rensselaer County Sheriff's Off., 155 AD3d 1455, 1459 [3d Dept 2017]). As the Court of Appeals explained in Schneider, "a plain reading of CPL article 700 demonstrates that 'execution' of a warrant depends on the action of authorized law enforcement officers vis-À-vis the communications and does not depend on the location of a target, the target's communication devices or the participants engaged in the call. Indeed, wiretapping occurs upon 'the intentional overhearing or recording of telephonic . . . communication[s]' . . . (Penal Law § 250.00 [1])" (Schneider at *4-*5). Because the eavesdropping warrants here were executed in Kings County, New York, where the communications were intercepted by the New York City Police Department, the warrants were appropriately issued by a justice of the Second Department, and a Special Narcotics justice, notwithstanding that the parties to
the conversations were located in another state at the time.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 19, 2021